IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | * Crim. No. 99-409-PJM |
| ANTONIO LIGHTFOOT, | * |
| | * |
| Defendant. | * |

**MEMORANDUM OPINION**

Antonio Lightfoot is currently serving a life term of imprisonment after being convicted of bank robbery in violation of 19 U.S.C. § 2113 and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). ECF No. 28. He is seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). After this Court initially denied Lightfoot's Motion for Compassionate Release, the Fourth Circuit vacated the decision and remanded the Motion for further consideration of the sentencing factors under 18 U.S.C. § 3553(a). Upon further consideration of those factors, this Court again **DENIES** Lightfoot's Motion.[1]

**I. Background**

On September 14, 1999, Antonio Lightfoot robbed a BB&T Bank branch in Camp Springs, Maryland, waving a 9-millimeter semi-automatic handgun and demanding money from the teller. After fleeing with approximately $8,000 in cash, Lightfoot and his accomplice led police on a high-speed chase until they crashed in a residential area where they were subsequently apprehended.

---

[1] Lightfoot initially styled his Motion as one for "Emergency" Release. On remand, his counsel refers to the Motion as a "Motion for Compassionate Release."

On September 22, 1999, Lightfoot was charged in a two-count Indictment with bank robbery, in violation of 18 U.S.C. § 2113 (Count One), and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two). ECF No. 1. Lightfoot pleaded not guilty and has maintained his innocence. *See* Mot. Compassionate Release 15, ECF No. 87.

This was not Lightfoot's first offense; he had two prior convictions for armed bank robbery in Michigan and Virginia, which included substantial periods of incarceration and parole revocations. Information, ECF No. 16. Prior to trial, the Government filed an Information establishing his prior convictions for armed robbery as serious violent felonies, triggering an enhanced penalty of mandatory life imprisonment under 18 U.S.C. § 3559(c). *Id.*

On January 27, 2000, after a four-day jury trial, Lightfoot was found guilty on both counts. ECF No. 20. At his sentencing, the Court adopted the factual findings and advisory guidelines in the Presentence Report, including Lightfoot's status as a career offender given his prior armed robbery convictions. *See* Government's Resp. Opp'n 2, ECF 97. Based on his offense level and criminal history score, his Sentencing Guidelines range was 262 to 327 months of imprisonment. *Id.* However, Lightfoot's prior convictions resulted in a mandatory life sentence under 18 U.S.C. § 3559(c), which requires a term of life imprisonment for serious violent felonies where a defendant has already been convicted of two prior serious violent felonies.

On April 21, 2000, the Court sentenced Lightfoot to life imprisonment as to Count One and a consecutive 7-year term on Count Two. The Fourth Circuit thereafter affirmed Lightfoot's conviction and sentence on direct appeal. *United States v. Lightfoot*, 6 F. App'x 181 (4th Cir. 2001).

Lightfoot filed the instant Emergency Motion for Compassionate Release under § 3582(c)(1)(A)(i) on August 29, 2020. ECF No. 87. The Court initially denied the Motion using the AO248 Form. ECF No. 105. Though the Government conceded Lightfoot presented health issues that were "extraordinary and compelling"—specifically, his coronary artery disease and chronic kidney disease as severe comorbidities for COVID-19 complications, ECF No. 97—the Court nevertheless deemed him a danger to the community under 18 U.S.C. § 3142(g) and the policy statement in the U.S. Sentencing Guidelines Manual § 1B1.13 and denied his Motion. *Id.* Lightfoot appealed the decision. ECF No. 106.

The Fourth Circuit remanded the case for further consideration, calling for more detailed analysis of the § 3553(a) factors in light of its decision in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). *United States v. Lightfoot*, 852 Fed. App'x 738 (2021). *McCoy* pointed out that the policy statements in the U.S. Sentencing Guidelines Manual—including § 1B1.13, which urges courts not to grant compassionate release where a defendant poses a danger to the community under 18 U.S.C. § 3142(g)—do not bind district courts when considering compassionate release motions under § 3582(c)(1)(A). 981 F.3d at 284. Accordingly, the Fourth Circuit directed this Court to "expressly address Lightfoot's motion with reference to the § 3553(a) factors." 852 Fed. App'x at 740.

Following the Fourth Circuit's remand, Lightfoot and the Government filed supplemental briefs addressing the § 3553(a) factors.[2] ECF Nos. 116, 125, 136. The Court now reconsiders Lightfoot's Motion.

---

[2] In its supplemental briefing, the Government no longer concedes that Lightfoot's health conditions in combination with the ongoing COVID-19 pandemic creates extraordinary and compelling circumstances justifying compassionate release. ECF No. 125 at 5. The Court recognizes that factual developments since the Government's initial filing do call into question the existence of extraordinary and compelling circumstances under § 3582(c)(A)(1). *See, e.g., United States v. Smith*, No. 15-cr-101-REP, 2021 WL 3641463, at *3 (E.D. Va. Aug. 17,

3

## II. Legal Standard

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." *See* 18 U.S.C. § 3582(c); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). An exception to this rule is the First Step Act, 18 U.S.C § 3582(c)(1)(A), which allows courts to act on a motion for compassionate release filed by a prisoner. *See United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020). To grant relief, two conditions must be met: (1) the movant must present extraordinary and compelling circumstances for release; and (2) relief must be consistent with the sentencing factors outlined in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i).

The § 3553(a) sentencing factors most relevant in analyzing Lightfoot's case are those codified in subsection (2): the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the rule of law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. Other § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available and the sentencing range, the applicable category of the offense and defendant, any pertinent policy statement, the need to avoid unwarranted sentencing disparities between defendants, and the need to provide restitution to any victims of the offense.

## III. Discussion

At the outset, this Court notes that although, arguably at least, extraordinary and compelling circumstances qualify Lightfoot for release[3], there is ample authority for denying compassionate release as inconsistent with the § 3553(a) factors, even assuming extraordinary

---

2021) (finding no extraordinary and compelling circumstances where Defendant had hypertension, hyperlipidemia, severe obesity, sleep apnea, thyroid disease, and diabetes in remission and had obtained a vaccine that protects against infection and severe illness as a result of Covid-19).
[3] See FN 2.

4

and compelling circumstances are present. *See, e.g., United States v. Collins*, No. 17-cr-649-PWG, 2020 WL 3960831, at *1 (D. Md. July 13, 2020) (denying release where inmate was "severely obese" because release would have been inconsistent with § 3553(a)); *United States v. Webb*, No. 15-cr-606-CCB, 2020 WL 4698057, at *2 (D. Md. Aug. 13, 2020) (denying release where inmate suffered from osteoarthritis, obesity, and had a family history of colon cancer but release inconsistent with § 3553(a)); *United States v. Staten*, No. 01-cr-284-4-PJM, 2020 WL 4904270, at *2 (D. Md. Aug. 18, 2020) (denying release where inmate was "severely obese" but release inconsistent with § 3553(a)).

Lightfoot makes two primary arguments regarding the § 3553(a) factors in his case. First, he argues that the Court must consider his post-sentence mitigation evidence, and that such evidence justifies his release under § 3553(a). *See* ECF No. 116 at 6. Second, he asks the Court to strongly consider the sentences now applicable to his crime in analyzing the § 3553(a) factors. *Id.* at 7.

A. Lightfoot's Mitigation Evidence

Lightfoot relies on *McDonald* and *McCoy* in asking the Court to consider his post-sentence rehabilitation evidence. *Id.* at 6–7. While the defendants in *McCoy* had presented mitigation evidence justifying their release, their argument for relief rested on the elimination of "stacking" sentences under § 924(c). 981 F.3d at 278. Mitigating circumstances were just one aspect of the analysis there, as they are in this case. *Id.* The remand of Lightfoot's case focused primarily on *McCoy*. The Fourth Circuit was most concerned that this Court may have felt that it was bound by the finding that Lightfoot posed a danger to the community to deny him release, whereas *McCoy* held that the Court is not bound by sentencing guideline policy statements and

5

should, in considering release, do a complete analysis of the § 3553(a) factors. *Lightfoot*, 852 F. App'x at 740. Fair enough.

Lightfoot argues that the Court is obliged to provide an individualized explanation of denial on a motion for compassionate release where a defendant presents mitigation evidence. ECF 116 at 6. While Lightfoot is correct—this was the holding in *McDonald*, 986 F.3d 402, 411 (4th Cir. 2021)—this does not mean his motion must be granted, only that denial of his motion without explanation and consideration of his mitigation evidence would be improper.

Lightfoot's mitigation evidence is summarized on pages 5 and 6 of his Reply to the Government's Opposition to his Supplemental Motion (ECF No. 136). Specifically, he points out that the BOP has evaluated him as being at low risk for recidivism and violence, he has been moved to minimum security custody, he has completed 98 educational courses, BOP work supervisors support his motion for compassionate release, he self-published a novel through Amazon.com, and has a "viable, individualized" release plan. However, evidence of rehabilitation while incarcerated alone is not sufficient to warrant a sentence reduction. *See United States v. Woolridge*, No. 09-cr-156-DJN, 2021 WL 415131 (E.D. Va. Feb. 5, 2021). Even significant positive post-sentencing conduct can be outweighed by other factors under § 3553(a). *See United States v. Charles*, No. 04-cr-027-MR, 2021 WL 964954 (W.D.N.C. Mar. 15, 2021); *United States v. Kenney*, No. 16-cr-143-REP, 2021 WL 399724 (E.D. Va. Feb. 4, 2021).

Here, the Court concludes that all the relevant § 3553(a) factors weigh heavily against a sentence reduction in Lightfoot's case. The nature and characteristics of Lightfoot's criminal history are particularly egregious; he had been convicted of two other armed robberies before the conviction at issue here. ECF No. 97 at 2. Further, he committed two of his robberies while on supervised release, so the term of life imprisonment he is currently serving appears necessary to

provide proper punishment, promote the rule of law, and ensure that the public is safe from the possibility that he resorts to violent crime as a livelihood. The fact that Lightfoot's conviction in this Court subjected him to the federal "three-strikes" law reflects the seriousness Congress and society have ascribed to repeated violent felonies of the kind Lightfoot committed. Despite the progress Lightfoot may have made toward rehabilitation while incarcerated, the Court is not convinced that the worries it expressed at his original sentencing regarding his violent conduct and disregard for the authority of law while on supervised release are in any way diminished. *See* Sentencing Tr. 468–69, ECF No. 76.

Lightfoot contends that the Government, in opposing his motion, places too much weight on events that occurred "over 20 years ago" when discussing the seriousness of his criminal history and that it overlooks the progress he has made while incarcerated. ECF No. 136 at 6. But whatever the steps Lightfoot may have taken towards rehabilitation, the fact remains that his dangerousness is still a concern, and it is fortified by the need for his sentence to reflect the seriousness of Lightfoot's criminal history, to promote the rule of law, and to deter future criminal conduct by both Lightfoot specifically and other members of society generally.

B. Sentencing Guidelines

Lightfoot asks the Court to take note of the sentences now applicable to the crimes for which he was convicted in analyzing the § 3553(a) factors. ECF No. 116. At sentencing, Lightfoot's Sentencing Guidelines range was 262 to 327 months imprisonment based on his offense level and criminal history. ECF No. 125 at 2. His criminal history subjected him to a mandatory sentence of life imprisonment under 18 U.S.C. § 3559(c). If resentenced today, Lightfoot would still face a mandatory life sentence under § 3559(c), and, as the Court explained when denying a prior motion Lightfoot filed under 28 U.S.C. § 2255, such a sentence would not

7

be unconstitutional under Supreme Court precedent. See ECF No. 117. Even if no mandatory minimum life sentence were involved, the guideline range for the armed robbery charge would rise to "25 years or more" under the career offender adjustment in § 4.1B1 of the Sentencing Guidelines. Lightfoot's prior armed robbery convictions place him squarely within that range. Thus, a sentence of life is within the guideline range today for defendants like Lightfoot who have a particularly egregious criminal history.

## IV. CONCLUSION

The Court's consideration of the sentencing factors leads it to conclude that, despite Lightfoot's rehabilitative efforts, release would be inconsistent with the need to address his troublesome propensity for danger to the community, the need to promote respect for the rule of law, and the need to provide a sentence that reflects the seriousness of the offense.

Defendant Antonio Lightfoot's Motion for Compassionate Release (ECF No. 87) is therefore **DENIED WITHOUT PREJUDICE.**

A separate Order will **ISSUE.**

Date: March 30, 2022

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE